UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

January 14, 2014

John D. McLaughlin, Jr.
Shannon D. Leight
CIARDI CIARDI & ASTIN
919 N. Market Street, Suite 700
Wilmington, DE 19801

Counsel for the Chapter 7 Trustee

Daniel K. Hogan
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806

Attorney for James D. Bott

**Re: World Health Alternatives, Inc., et al.**
**Case No. 06-10166**

Dear Counsel:

This is the Court's ruling with respect to a claim for severance that was filed by James D. Bott as to the Debtor World Health Alternatives, Inc. by letter dated March 12, 2007 (Doc. # 755). An evidentiary hearing was held on August 27, 2013.

This case identifies seven debtors: World Health Alternatives, Inc., World Health Staffing, Inc., World Health Staffing, Inc. f/k/a MedTech Medical Staffing of Orlando, Inc., Better Solutions, Inc., JC Nationwide, Inc. f/k/a MedTech Staffing

2

of Boca Raton, Inc., MedTech Medical Staffing of New England, Inc., and MedTech Franchising, Inc.  They are administratively consolidated but not substantively consolidated.  The Chapter 7 Trustee objects to the Bott claim on the grounds that Bott does not have a claim against World Health Alternatives, Inc.

Bott asserts that "his administrative claim was predicated on the APA and on his verbal employment agreement with World Health" (Tr. 13:18-20.) Bott's reliance on the Asset Purchase Agreement is ill founded.  Section 2.4 (b) of the Asset Purchase Agreement states in pertinent part:

> The Buyer is not assuming under this Agreement or any other Transaction Document any Liability that is not specifically identified as an Assumed Liability under Section 2.4(a) ... including any of the following: ... (v) all Liabilities arising prior to the Closing Date or as a result of the Closing for severance, bonuses, or any other form of compensation to any employees, agents, or independent contractors of the Seller or Holdings, whether or not employed by the Buyer after the Closing and whether or not arising or under any applicable Law, Benefit Plan, or other arrangement with respect thereto.

The only evidence supporting Bott's claim of a verbal employment agreement with World Health Alternatives, Inc. is Bott's testimony, which testimony did not identify any officer of World Health Alternatives, Inc. who had the authority to and did on behalf of that corporation enter into such an agreement.

While Bott testified that he "worked for World Health Alternatives, Inc." (Tr. 90:15-16), there is substantial evidence to the contrary.

(1) He acknowledged that he received W-2 statements indicating that he was an employee of Better Solutions, Inc. (Tr. 16:4-10);

(2) He also stated that "I worked for JC Nationwide, Inc. as their Chief Information Officer during the time of 2000 to November 15th, 2004." (Tr. 16:23-25.)  He further testified as follows:

> Q. So is it your testimony that you were an officer of JCN?
>
> A. Yes.
>
> Q. Or JC.
>
> A. Yes, JC Nationwide, I was Chief Information Officer.

(Tr. 17:9-12.)

(3) Exhibit 3 is a copy of the Separation Agreement that was tendered to Bott when he was terminated.  That document clearly identifies Bott as an employee of JC Nationwide, Inc. Specifically, the Separation Agreement states:

> This Separation Agreement ("Agreement") is entered into by and between **James D. Bott** ("James D. Bott") and **JC Nationwide, Inc.** ("JCN") effective April 28, 2006.
>
> WHEREAS, James D. Bott has been an at-will employee of JCN; and
>
> WHEREAS, James D. Bott and JCN have agreed that James D. Bott's employment with JCN will be terminated as of the Termination Date; and
>
> WHEREAS, James D. Bott and JCN wish to memorialize in writing the terms upon which the employment relationship is being terminated;

THEREFORE, James D. Bott and JCN agree as follows:

1. Termination of Employment. Effective on April 28, 2006, (the "Termination Date"), James D. Bott's employment with JCN shall end.

(4) Page 1 of Exhibit 1 is a tabulation labeled "World Health Staffing, Inc." Bott is listed on that document. On page 4 of Exhibit 1, Bott is identified as an employee of "Better Solutions, Inc. Executive"

Thus, I conclude that the Bott claim against World Health Alternatives, Inc. must be denied.

**SO ORDERED.**

Very truly yours,

Peter J. Walsh

PJW:ipm